23-307
*Fluker v. Kelly*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand twenty-four.

PRESENT:
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> *Circuit Judges.*

---

Lamar Fluker,

*Plaintiff-Appellant*,

v.                                          23-307

Lt. Kelly, Officer Verdura, Officer Michaud, Lt. McNeil, Nick Rodriguez,

*Defendants-Appellees.*\*

---

| FOR PLAINTIFF-APPELLANT: | SCOTT M. HARRINGTON, Diserio Martin O'Connor & Castiglioni LLP, Stamford, CT. |
|---|---|
| FOR DEFENDANTS-APPELLEES: | JAMES W. DONOHUE, Assistant Attorney General, *for* William Tong, Attorney General of Connecticut, Hartford, CT. |

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the District of Connecticut (Nagala, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Lamar Fluker challenges various aspects of his designation as a member of a "Security Risk Group" ("SRG") while detained at Corrigan Correctional Center in 2019. He alleges that prison officials violated his rights in two ways: (1) Appellees held a procedurally defective hearing (the "Insufficient Process" claim); and (2) there was insufficient evidence on which to designate him as an SRG member (the "Insufficient Evidence" claim). The district court granted summary judgment to Appellees on both claims. Fluker now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment de novo, "resolving all ambiguities and drawing all permissible factual inferences in favor of the non-moving party." *Washington v. Napolitano*, 29 F.4th 93, 103 (2d Cir. 2022).

A.      The "Insufficient Process" Claim

Fluker first challenges various procedural elements of his SRG designation. But the district court correctly dismissed those claims because Fluker failed to exhaust his administrative remedies before bringing them in federal court.

The Prison Litigation Reform Act requires "prisoners"—here a defined term including pretrial detainees—to exhaust administrate remedies before filing a lawsuit challenging the conditions of their detention. 42 U.S.C. § 1997e(a). We require administrative exhaustion even if the particular relief a plaintiff desires is unavailable through the administrative process. *Booth*

*v. Churner*, 532 U.S. 731, 740-41 (2001).   We relieve prisoners of the need to exhaust only when no administrative remedy is available.   *See Ross v. Blake*, 578 U.S. 632, 635-36 (2016).   To exhaust a particular claim, a prisoner "must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures."   *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004).

Here, Fluker failed to exhaust his Insufficient Process claim.   In his amended complaint, Fluker alleges that officers (1) denied him sufficient notice and an adequate opportunity to prepare for the SRG hearing; (2) did not fully explain his right to present witnesses and evidence at the hearing; (3) did not fully explain that he could have an advocate at the hearing; and (4) failed to perform "independent analysis" that Fluker contends was required.   Amended Complaint, Dist. Ct. Dkt. No. 87, ¶¶ 21-28.   Fluker's administrative grievance, however, did not raise any of these concerns.   There, he made only two arguments even arguably related to the hearing's procedures: (1) he was not provided with the documents used in the hearing for his own use in future court proceedings, and (2) no one present at the hearing had sufficient knowledge of SRG organizations to designate him as an SRG member.   *See* Dist. Ct. Dkt. 94-4, at 25-27.   Whatever the merits of the claims raised in Fluker's grievance, they cannot exhaust the quite different claims raised in his amended complaint.

B.     The "Insufficient Evidence" Claim

Fluker also claims that prison officials lacked sufficient evidence to designate him as an SRG member.   We disagree.

We review SRG designations under a deferential standard requiring only "some evidence."   *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).   "This standard is met if 'there was some

3

evidence from which the conclusion of the administrative tribunal could be deduced.' Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* at 455 (citation omitted). The evidence at issue, however, must be "reliable." *See Elder v. McCarthy*, 967 F.3d 113, 129 (2d Cir. 2020); *Luna v. Pico*, 356 F.3d 481, 488 (2d Cir. 2004).

At Fluker's designation hearing, Lieutenant McNeil had some reliable evidence before him to designate Fluker as an SRG member. McNeil reviewed Fluker's Facebook posts noted in Officer Verdura's report. At the hearing, Fluker admitted that the posts at issue were drawn from his Facebook account. Those posts, in the aggregate, satisfied the "some reliable evidence" requirement.[1]

* * *

---

[1] To the extent that Officer Verdura asserted that Fluker's conduct was indicative of membership in the Bloods without any evidence that such conduct is characteristic of Bloods membership (such as, for example, the opining correction officer's testimony that she is familiar based on experience or training with indicia of Bloods membership), it is of no value in meeting the "some evidence" requirement. Several indicia cited by Verdura thus offer no support for classifying Fluker as an SRG member, because no evidence was submitted to the hearing officer of Verdura's qualification to give such opinions. *See Fluker v. Kelly*, 2022 WL 17830730, at *9 (D. Conn. Dec. 21, 2022) ("Nor was McNeil in possession of any information regarding Verdura's qualifications to determine Plaintiff was affiliated with an SRG, such as training she received about SRG identifiers, or the level of experience she had with making such conclusions."). Nonetheless, other evidence placed before the hearing officer adequately satisfied the requirement of "some evidence" because its tendency to show Bloods membership was apparent on its face.

We have considered all of Fluker's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court